**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLARD MCGRUDER;** | ) | |
| **BARBARA BUTTERFIELD;** | ) | |
| **LILY VALENTIN;** | ) | |
| **DEBORAH DEMURO;** | ) | |
| **CARMEN RODRIGUEZ; and** | ) | |
| **FACE TO FACE;** | ) | |
| | ) | **COMPLAINT** |
| **Plaintiffs,** | ) | **FOR INJUNCTIVE AND** |
| | ) | **DECLARATORY RELIEF** |
| **v.** | ) | |
| | ) | |
| **STEVEN TERNER MNUCHIN, as** | ) | **Civil Action No.** |
| **Secretary of Treasury;** | ) | |
| **CHARLES P. RETTIG, as** | ) | |
| **Commissioner of the Internal Revenue** | ) | |
| **Service; U.S. DEPARTMENT OF THE** | ) | |
| **TREASURY; INTERNAL REVENUE** | ) | |
| **SERVICE.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## INTRODUCTION

1.      When it passed the Coronavirus Aid, Relief, and Economic Security ("CARES")

Act in March 2020, Congress directed Defendants, the Internal Revenue Service ("IRS") and the

United States Department of the Treasury ("Treasury Department"), to rapidly and effectively

distribute necessary economic impact payments ("EIPs") to American families economically

impacted by the COVID-19 pandemic. Defendants[1] have failed to distribute those urgently

needed emergency funds to one group of Americans who could use them most – people with

dependent children who do not file federal income tax returns and who receive federal benefits

mostly due to the fact that they have severe disabilities. This action challenges Defendants'

---

[1] "Defendants" refers to the IRS, Treasury Department together with Steven Terner Mnuchin, as
Secretary of Treasury, and Charles P. Rettig, as Commissioner of the IRS, U.S. Department of
the Treasury.

failure to fulfill their obligations under the CARES Act and the United States Constitution to this population.

2.      In response to the unprecedented economic disruption wreaked by the COVID-19 pandemic, Congress authorized immediate means-tested financial assistance, termed "economic impact payments" (or EIPs) of up to $1,200 per adult and $500 per dependent child under age 17 to millions of American households via the CARES Act. Congress expected that the federal tax infrastructure could quickly distribute critical financial assistance to eligible families. Although the IRS was able to distribute EIPs to many Americans who had filed 2018 or 2019 federal tax returns, many individuals who receive only federal benefits and have no or minimal other income and are therefore "non-filers" of annual tax returns have fallen through the cracks and have not received desperately needed emergency assistance payments to which they are entitled for their dependent children.

3.      In April 2020, after considerable Congressional and public pressure, the IRS and the Treasury Department announced that they would automatically send EIPs to non-filer adults who are "known" to the federal government because they are receiving Social Security retirement, Social Security disability, Railroad Retirement Board (RRB), Veteran Affairs (VA) or Supplemental Security Income (SSI) benefits.

4.      Yet, Defendants refused to send automatic payments for eligible *dependents* of federal benefits recipients. Instead, the IRS launched an online portal for non-filers to claim their full EIPs. When this "non-filer portal" was launched, there was no indication that there was a deadline to use the form.

5.      Without advance notice or explanation, the IRS and the Treasury Department announced ten days later – only via a press release published on the IRS website and social

2

media accounts – that non-filers who receive Social Security retirement, disability, and RRB benefits had less than forty-eight hours to add their dependents to their EIPs through the portal. Recipients of VA and SSI benefits were ultimately provided (again only via issuance of a press release) a period of ten days to register on the portal. By contrast, the IRS granted non-filers who do not receive federal benefits until October 15, 2020 – a period of more than six months from the portal's launch on April 10, 2020 – to access the same portal.

6.     Unsurprisingly, many non-filer federal benefits recipients with dependents, including Plaintiffs, were not able to meet these tight deadlines. They did not learn of the IRS press releases in time; they encountered unresolvable technical issues with the portal; and their disabilities prevented them from using the portal without reasonable accommodations, which were not provided during the applicable windows to add dependents.

7.     Despite the difficulties that federal benefits recipients encountered in adding dependents to their automated EIPs, and the Congressional mandate to provide payments rapidly, the IRS and the Treasury Department have decided that non-filer federal benefits recipients who missed the deadlines to receive dependent EIPs are now out of luck, at least until 2021. The IRS and the Treasury Department have refused to issue supplemental or corrective payments to non-filer federal benefit recipients who did not register their dependents on the IRS website in time. Defendants insist that non-filer federal benefits recipients must instead wait to receive their payments until after they file 2020 federal income tax returns in the Spring of 2021 – even if they would not otherwise be required to file 2020 tax returns. The IRS and the Treasury Department maintain this position even as they have announced in the last few weeks that they will issue supplemental or corrective payments to the "lucky" non-filer federal benefits recipients who

were able to use the portal by the deadlines, but who did not receive their dependent payments due to agency error.

8.     This action seeks declaratory and injunctive relief on behalf of recipients of federal benefits whose constitutional rights were violated by the IRS and the Treasury Department's refusal to issue them payments for their dependent children. Defendants' failure to provide those payments is an abuse of discretion and unreasonable delay that violates the Administrative Procedure Act, 5 U.S.C. § 500 et seq. The actions of the IRS and the Treasury Department further violate Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, as well as the Due Process and Equal Protection Clauses of the Fifth Amendment to the United States Constitution. Plaintiffs request that the Court order Defendants Mnuchin and Rettig to immediately disperse dependent stimulus payments to eligible federal benefits recipients.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over Plaintiffs' Administrative Procedure Act claim (Claim I) pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702. Plaintiffs bring these claims for declaratory and injunctive relief to set aside Defendants' action as contrary to law and arbitrary and capricious, and amounting to an unreasonable delay, *see* 5 U.S.C. §§ 705, 706, presenting a federal question. *See* 28 U.S.C. § 1331.

9.     This Court has jurisdiction over Plaintiffs' constitutional claims (Claims II and III) pursuant to 28 U.S.C. § 1331 and § 1343(a)(4).

10.    This Court has jurisdiction over Plaintiffs' Rehabilitation Act claim (Claim IV) pursuant to 29 U.S.C. § 794(a) and 28 U.S.C. § 1343(a)(4).

11.    This Court may grant Plaintiffs' request for declaratory and injunctive relief for these claims under 28 U.S.C. §§ 2201 and 2202.

12.     The United States has waived sovereign immunity for this action for declaratory and injunctive relief against its agencies, and the agencies' officers are sued in their official capacities, pursuant to 5 U.S.C. § 702.

13.     Plaintiffs' claims for attorneys' fees and costs are authorized by 28 U.S.C. § 2412.

14.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(e)(1). Plaintiffs reside in this district and no real property is involved in the case. Because this is an action against officers and agencies of the United States, venue is proper in this district pursuant to 28 U.S.C. §1391(e). Venue is also proper in this district because Secretary Mnuchin and Commissioner Rettig perform their official duties here. Finally, many of the events giving rise to this action took place in this judicial district.

## PARTIES

15.     Plaintiff Willard McGruder is a United States citizen who receives Social Security Disability Insurance (SSDI), a federal benefit administered by the Social Security Administration for people with disabilities that are so severe that they preclude work. He is the grandfather and legal guardian of two minor children, aged 2 and 7 years old, who rely on him completely for support, including food, shelter, and other life necessities. Because Plaintiff McGruder has dependent minor grandchildren, he is eligible for a $1,000 dependent EIP under the CARES Act. Both grandchildren are U.S. citizens, under the age of seventeen, and are not claimed as dependents by any other tax filer. Mr. McGruder resides in the Eastern District of Pennsylvania.

16.     Plaintiff McGruder and his dependent grandchildren survive on his SSDI benefits and a small SNAP grant, totaling roughly $1,500 a month. Plaintiff McGruder's expenses have

soared during the pandemic due to rising food prices in his neighborhood and he is having difficulty making ends meet.

17. Because Plaintiff McGruder's income is very low, he was not legally required to file federal income tax returns in 2018 or 2019 and he did not file federal tax returns for those years. As an SSDI recipient Mr. McGruder received a $1,200 EIP for himself automatically.

18. Plaintiff McGruder is almost completely illiterate and he does not use the computer; he therefore did not know that the IRS had created a non-filer portal. However, he learned that in order to receive an EIP for his two minor grandchildren he needed to complete an IRS online tax form adding his grandchildren to his automated payment *two days after the Defendants' deadline to complete the form expired.* Because he did not learn of the Defendants' deadline in time, Mr. McGruder has not received an EIP of $1,000 for his two dependent grandchildren.

19. Plaintiff Lily Valentin is United States citizen and mother who receives Supplemental Security Income (SSI) benefits, a federal means-tested benefit administered by the Social Security Administration for people who are low-income and have severe disabilities that preclude work. Ms. Valentin has received SSI benefits most of her life because she was born with a cleft palate that, in conjunction with surgeries meant to address it, has left her with life-long problems that affect her breathing and lead to choking. Ms. Valentin has a minor daughter, aged 15, who depends on her completely for support. Because she has a dependent daughter, Plaintiff Valentin is eligible for a $500 dependent EIP under the CARES Act. Ms. Valentin's daughter is a U.S. citizen, under the age of seventeen, and is not claimed as a dependent by any other tax filer. Ms. Valentin lives in the Eastern District of Pennsylvania.

20.    Plaintiff Valentin was not legally required to file federal income tax returns in 2018 or 2019 and did not file tax returns for those years. She received her personal EIP automatically.

21.    The Valentin household's monthly income often does not cover all their expenses. Money has been particularly tight during the COVID-19 pandemic because food has become more expensive in their neighborhood and they have to buy more of it, because their daughter, who used to eat breakfast and lunch at school, had to eat all of her meals at home from March until June, pursuant to Pennsylvania's stay-at-home order and subsequent school closures.

22.    Plaintiff Valentin was not aware that she had to register her daughter on the IRS non-filer portal to receive a dependent EIP until May 19, 2020, well after the May 5, 2020 deadline for SSI recipients. She had assumed she would get her daughter's stimulus check automatically, as she received her personal payment. Plaintiff Valentin does not know how to use a computer, so even if she had known that she had to use the IRS non-filer tool to seek the EIP for her daughter, she would not have been able to do so. Because Plaintiff Valentin did not learn that she needed to register her daughter on the IRS non-filer portal by May 5, 2020 to get the dependent EIP, Defendants are refusing to provide Ms. Valentin with an EIP of $500 for her daughter, for which she is entitled, for the remainder of 2020.

23.    Plaintiff Carmen Rodriguez is a United States citizen who has been receiving SSI for at least 10 years due to multiple health problems that prevent her from working, including depression, significant back pain, and arthritis. She is the grandmother and legal guardian of two minor children one aged 8, and one who turned 17 in January 2020. Plaintiff Rodriguez's minor grandchildren have depended on her for support for years, including the entirety of 2019. Because she has two dependent grandchildren, Ms. Rodriguez is eligible for a $1,000 dependent

EIP under the CARES Act. Her grandchildren are U.S. citizens, under the age of seventeen, and are not claimed as dependents by any other tax filer. Ms. Rodriguez resides in the Eastern District of Pennsylvania.

24.     Plaintiff Rodriguez and her dependent grandchildren survive on Ms. Rodriguez's SSI benefits and as well as the SSI benefits her 17-year-old grandson receives for his disability, as well as some state cash assistance benefits for the 8-year-old granddaughter which total approximately $2,000 a month.

25.     Plaintiff Rodriguez has faced significant unexpected expenses due to the COVID-19 pandemic. Ms. Rodriguez's mother tested COVID-19 positive and food prices have also greatly increased in her neighborhood. Even while cutting back on preferred foods like ground meat, and supplementing by getting free lunches from the city, Plaintiff Rodriguez has been unable to keep up with all of her bills after paying the increased prices for groceries and for her unexpected expenses related to COVID-19.

26.     Plaintiff Rodriguez's income is so low she was not required to file federal income tax returns in 2018 or 2019 and she did not file tax returns for those years. She received her personal EIP automatically.

27.     With her daughter's assistance, Plaintiff Rodriguez registered her grandchildren on the IRS non-filer portal on April 30, 2020 – before the May 5, 2020 deadline – and received an email that the application was accepted on the same day. Despite her compliance with the rules, and despite receiving an email from the IRS indicating her tax form was "accepted," the IRS did not provide Ms. Rodriguez the stimulus payments for her grandchildren when she received her personal payment on May 21, 2020. Since her older grandson has turned seventeen in 2020, he will no longer be eligible for the stimulus payment if she has to apply for it based on

the 2020 tax year; her grandson will not be able to claim his own stimulus payment because he will be the tax dependent of Ms. Rodriguez for tax year 2020.

28.    Plaintiff Deborah DeMuro is a United States citizen who has been receiving SSI since 2005 because back pain and behavioral health issues prevent her from working. Ms. DeMuro has a minor son, aged 16, who also receives SSI, and depends on her for support. Because she has a minor son, Plaintiff DeMuro is eligible for a $500 dependent EIP under the CARES Act. Her son is a U.S. citizen, under the age of seventeen, and is not claimed as a dependent by any other tax filer. Ms. DeMuro lives in the Eastern District of Pennsylvania.

29.    The DeMuros' monthly household income of approximately $1,500 per month often does not cover all their expenses. Money has been particularly tight during the COVID-19 pandemic. Food has become more expensive in their neighborhood, and many of the stores nearby impose item limits preventing Ms. DeMuro from saving money by buying bulk foods. Things have been so tight, Plaintiff DeMuro and her son went without toilet paper for a while because it was too expensive, and she also was not able to pay her complete gas bill in May.

30.    Plaintiff DeMuro was not legally required to file federal income tax returns in 2018 or 2019 and she did not file tax returns for those years. She received her personal EIP automatically.

31.    When Ms. DeMuro heard in April 2020 that SSI recipients would need to complete the IRS online portal to receive EIPs for minor dependents, she immediately and repeatedly attempted to complete the online form. Ms. DeMuro received several notifications that her application was rejected because she does not have an Identity Protection Personal Identification Number ("IP PIN"), a special number the IRS is supposed to send her because she was a victim of identity theft, but that she did not receive this year. Plaintiff DeMuro took steps

to recover the missing IP PIN from IRS with no avail, including attempting to call the IRS customer service line, contacting third-party tax assisters, and even attempted to seek support by posting in Facebook groups and on SSA's Facebook page. Despite her extensive efforts she was unable to get the help she needed before the May 5 deadline. Although Ms. DeMuro received a stimulus payment for herself, she has not received the $500 EIP for her son. Defendants are refusing to provide that payment to Ms. DeMuro in 2020.

32.     Plaintiff Barbara Butterfield is a United States citizen who receives SSDI and suffers from chronic pain due to fibromyalgia, chronic arthritis, and reflex syndrome disorder that prevents her from working. She also has a history of learning disabilities. She is the grandmother and legal guardian of three minor children ages 13, 15, and almost 16 who rely on her completely for support, including food, shelter, and other life necessities. Because she has three dependent grandchildren, Plaintiff Butterfield is eligible for a $1,500 dependent EIP under the CARES Act. Her grandchildren are U.S. citizens, under the age of seventeen, and are not claimed as dependents by any other tax filer. Ms. Butterfield resides in the Eastern District of Pennsylvania.

33.     Plaintiff Butterfield and her dependent grandchildren survive on her SSDI benefits, their SSI benefits, and a small SNAP grant, totaling roughly $3,000 a month. Plaintiff Butterfield has been struggling to keep up with expenses during the pandemic, causing her to change her food shopping habits. Even so, she is unable to pay all of the household bills.

34.     Because Plaintiff Butterfield's income is very low, she was not legally required to file federal income tax returns in 2018 or 2019 and she did not file federal tax returns for those years. She received her personal EIP automatically as a federal benefits recipient.

35.     Plaintiff Butterfield is computer illiterate and requires help completing government forms due to her learning disabilities. Ms. Butterfield understood that SSDI recipients like herself would receive EIPs automatically and assumed that included dependent EIPs. Ms. Butterfield did not learn that she would need to complete the IRS online tax form to add her grandchildren to receive the $1,500 payment for which she was entitled until after the deadline had passed. Defendants are refusing to provide Ms. Butterfield the $1,500 dependent EIP for her dependent grandchildren for the remainder of 2020.

36.     Plaintiff Face to Face is a non-profit organization whose principal place of business is in the Germantown neighborhood in Philadelphia, Pennsylvania. Face to Face provides services to low-income individuals, many of whom struggle with homelessness or severe behavioral health symptoms. Face to Face provides four principal services for free: a dining room serving hot meals five days per week; legal assistance focused on criminal expungement, housing, and identity theft; social services assistance; and health services. Face to Face's clients were harmed by the Defendants' policy requiring federal beneficiary non-filers to use the portal on tight deadlines to receive their full EIP in 2020.

37.     Because Defendants' policies and procedures made understanding EIP eligibility and application procedures very complicated, the Face to Face Legal Clinic has been forced to divert time, money, and other resources from its institutional mission. As a result, Face to Face's only lawyer and only paralegal were forced to devote dozens of hours each week to educating and assisting clients attempting to seek dependent EIP benefits on the non-filer portal, including advising clients who were non-filers and missed the deadline. Specifically, Face to Face's legal director, Ms. Brickman, had to divert time from her other duties to learn about EIPs and train her paralegal and other Face to Face staff. She further had to divert her time from other work to

create and implement a communication strategy to her clients about the EIPs, including crafting

easily understandable communications for social media, and spending two hours each week to

make in person announcements to Face to Face clients. After each announcement, Ms. Brickman

spent (and continues to spend) an hour or more answering individual questions about EIPs.

During this time, Ms. Brickman has had to completely divert Face to Face's work away from

other areas, including organizing criminal expungement clinics.

38.     Defendant Steven T. Mnuchin is the Secretary of the Treasury. He is sued in his

official capacity as the head of the United States Department of Treasury and its Bureaus,

including the IRS. Secretary Mnuchin is responsible for distributing EIPs to eligible individuals

under the CARES Act.

39.     Defendant Charles P. Rettig is the Commissioner of the IRS. He is sued in his

official capacity as the head of the IRS. Defendant Rettig reports to the Secretary of the Treasury

Defendant Mnuchin. As part of his duties, Defendant Rettig oversees the issuance of EIPs to

eligible individuals under the CARES Act.

40.     Defendant U.S. Department of the Treasury is an executive agency of the U.S.

government. The Treasury Department operates and maintains systems that are critical to the

nation's financial infrastructure, such as the production of coin and currency, the disbursement of

payments to the American public, revenue collection, and borrowing of funds necessary to run

the federal government.

41.     Defendant U.S. Internal Revenue Service is a bureau of the U.S. Department of

the Treasury organized to carry out the responsibilities of the Secretary of the Treasury

under section 7801 of the Internal Revenue Code. The IRS was created through the legislative

grant of authority to the Secretary of the Treasury to enforce federal internal revenue laws. The IRS calculates and sends EIPs to those eligible under the CARES Act.

## LEGAL FRAMEWORK

42.     The Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. 116-136 (March 27, 2020) authorizes a "recovery rebate" against 2020 taxes for eligible households. *See* 26 U.S.C. § 6428. Through the CARES Act, Congress directed the Treasury Department to distribute advance payments "as rapidly as possible." *Id.* at § 6428(f)(3)(A). The IRS refers to these payments as economic impact payments. Though administered through the tax code, the EIP is a means-tested benefit just like other benefits, such as housing and food assistance, intended to benefit both adults and children. The distribution of the EIP is based on an individual's 2019 or 2018 income; however, Congress also directed that no EIP "shall be made or allowed under this subsection after December 31, 2020." *Id.*

43.     The Administrative Procedure Act allows individuals to seek judicial remedies if they are adversely affected by a final agency action, including actions that are unlawfully withheld, unreasonably delayed, or arbitrary and capricious. 5 U.S.C. § 702-06.

44.     Under the Due Process Clause of the Fifth Amendment to the U.S. Constitution, individuals have a right to meaningful, individualized notice, supported by legal authority, before they are denied a federal benefit in which they have a property interest as well a right to receive their entitlement without unreasonable delay.

45.     Under the Equal Protection Clause of the Fifth Amendment to the U.S. Constitution, government agencies may not draw arbitrary distinctions among similarly situated individuals.

46.     Under Section 504 of the Rehabilitation Act, government agencies may not exclude individuals from participation in, deny benefits to, or otherwise discriminate against qualified individuals on the basis of their disabilities. 29 U.S.C. § 794.

## STATEMENT OF FACTS

### A.     Congress Passed the CARES Act which Authorized Economic Impact Payments for Individuals Economically Impacted by COVID-19.

47.     The COVID-19 pandemic has been an unprecedented public health and economic crisis. Well over two million Americans became sick and well over a hundred thousand died between mid-March 2020 and late June 2020.[2] At the peak of the initial crisis, in May 2020, economists estimated that the national unemployment rate was more than 20%, at or near the rate at the peak of the Great Depression, and it is expected to remain significantly elevated through 2020. While many Americans stayed at home to ameliorate further public health and economic fallout, prices for certain groceries and household goods like toilet paper surged due to increased demand and supply chain disruptions.[3]

48.     To stabilize the overall economy and American households during this unprecedented crisis, Congress passed, and the President signed into law, the CARES Act, Pub. L. 116-136, on March 27, 2020.

---

[2] *Coronavirus Disease 2019 (COVID-19) – Cases and Deaths in U.S.*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/us-cases-deaths.html [https://perma.cc/UW82-MYNZ]; *The COVID Tracking Project*, THE ATLANTIC, https://covidtracking.com/ [https://perma.cc/HNV2-QVTJ].

[3] *See Food at home prices up, gasoline and airfare prices down, over the year ended April 2020*, U.S. BUREAU OF LABOR STATS. (May 15, 2020), https://www.bls.gov/opub/ted/2020/food-at-home-prices-up-gasoline-and-airfare-prices-down-over-the-year-ended-april-2020.htm [https://perma.cc/JJ9J-SVMN]; *It's A Pandemic of the Food World: Grocery Prices on The Rise Across the Country*, CBS L.A. (May 16, 2020, 7:51 PM), https://losangeles.cbslocal.com/2020/05/16/grocery-prices-coronavirus/ [https://web.archive.org/web/20200710124144/https://losangeles.cbslocal.com/2020/05/16/grocery-prices-coronavirus/].

49.     Among other relief, the CARES Act authorizes immediate cash payments in the form of an advance tax rebate to millions of American households, which the IRS calls "economic impact payments" or EIPs. The Act authorizes payments of up to $1,200 for adults, up to $2,400 for couples who file taxes jointly, and $500 for each qualifying dependent child under the age of 17. The CARES Act uses the federal tax infrastructure to provide this financial assistance to eligible families. *See* 26 U.S.C. § 6428.

50.     To qualify for an EIP, an individual's income must fall below a statutory threshold. *Id.* § 6428(c). Payments decrease on a sliding scale for adults earning over $75,000 ($112,500 if they file income taxes as "head of household") and for couples earning over $150,000. Second, the individual must be "eligible," meaning not a dependent of another person and either a U.S. citizen or a resident alien. *Id.* §§ 6428(d), 7701(b)). Third, individuals are entitled to a $500 dependent EIP for each qualifying child. *Id.* § 6428(a)(2). To qualify for the dependent EIP, the individual's child must be under age seventeen, among other requirements. *Id.* § 24(c).

51.     An individual can receive a tax credit by satisfying these requirements in Calendar Year 2020 and claiming the payment on their 2020 tax return. However, Congress directed the IRS to pay EIPs in advance, based on Calendar Year 2019 or 2018 information. Congress authorized the IRS to pay EIPs even to individuals who had not filed a 2019 or 2018 tax return. *Id*. § 6428(f)(5).

52.     Congress directed that no advance EIP "shall be made or allowed under this subsection after December 31, 2020." *Id.* § 6428(f)(3)(A). After that date, individuals must wait until the tax filing season opens to claim the credit on their 2020 tax return.

53.     Congress intended that EIPs would help American households afford life necessities like groceries, housing, and prescription drug copayments during a period of massive economic disruption and unemployment, while boosting economic activity in the American economy as a whole.[4]

54.     Congress intended that the IRS would distribute this money quickly, in a manner of months – not a year. Senator Majority Leader Mitch McConnell described the purpose of the CARES Act as to "rush financial assistance to Americans through direct checks to households from the middle class on down."[5] Senator Mike Rounds stated that he expected the public to receive EIPs, including the "$500 for every child in a family" as soon as possible, "*not a month and a half or two months from now*."[6] Senator Rounds urged the CARES Act's swift passage as soon as possible, stressing that families "are hurting, and they need this additional assistance *at this time*."[7]

55.     In the final legislation, Congress directed the Secretary of the Treasury to distribute EIPs as "rapidly as possible." 26 U.S.C. § 6428(f)(3)(A).

---

[4] *See* 166 CONG. REC. S1929 (daily ed. Mar. 23, 2020) (statement of Sen. Lankford) (explaining the EIPs were intended as a "stopgap method to help folks who are having trouble with their utilities or whatever it may be, or extra expenses so they will have something"); 166 CONG. REC. E339 (daily ed. Mar. 31, 2020) (statement of Rep. Jayapal) (describing cash-stimulus payments, including $500 per child, as "relief to the vast majority of everyday people to *immediately* put cash in people's pocket to pay those mounting bills" (emphasis added)).

[5] 166 CONG. REC. S2007 (daily ed. Mar. 24, 2020) (statement of Sen. McConnell).

[6] 166 CONG. REC. S1968 (daily ed. Mar. 23, 2020) (statement of Sen. Rounds) (emphasis added).

[7] *Id.* (emphasis added).

56.     To carry out this charge, Defendant Rettig and his staff at the IRS announced that the IRS would make automated payments to tax households that filed federal income tax returns for 2018 or 2019.[8]

57.     Many American families are not required to file federal income tax returns because they have little or no taxable income. These so-called "non-filer" households include many recipients of Social Security or other federal retirement and disability benefits.

58.     Immediately following passage of the CARES Act, members of Congress and advocates for individuals with disabilities and older adults urged the IRS to make payments automatically to non-filer households whose income is "known" to federal agencies by virtue of receipt of federal benefits. At first, the IRS refused, stating that all non-filer federal benefits recipients would be required to file a simple tax return.[9]

---

[8] I.R.S. News Release IR-2020-61, *Economic Impact Payments: What You Need to Know* (Mar. 30, 2020), https://web.archive.org/web/20200331023905/https://www.irs.gov/newsroom/economic-impact-payments-what-you-need-to-know; *see also*, I.R.S. News Release IR-2020-61, *Economic Impact Payments: What you need to know* (Mar. 30, 2020), https://www.irs.gov/newsroom/economic-impact-payments-what-you-need-to-know [https://perma.cc/9BZG-8YBY] (updating some language on the website).

[9] *See* I.R.S. News Release IR-2020-61, *Economic Impact Payments: What You Need to Know* (Mar. 30, 2020), https://web.archive.org/web/20200331023905/https://www.irs.gov/newsroom/economic-impact-payments-what-you-need-to-know ("People who typically do not file a tax return will need to file a simple tax return to receive an economic impact payment."); *see also* Justin Elliott and Paul Kiel, *Millions of Americans Might Not Get Stimulus Checks. Some Might Be Tricked Into Paying TurboTax To Get Theirs*, PROPUBLICA (Apr. 15, 2020, 5:00 AM), https://www.propublica.org/article/millions-of-americans-might-not-get-stimulus-checks-some-might-be-tricked-into-paying-turbotax-to-get-theirs [https://perma.cc/9A9A-NMLZ].

59.     The Treasury Department and the IRS know, or should know, that many non-filer federal beneficiaries, by definition, are either seniors or have severe disabilities qualifying them for disability benefits.[10]

60.     After considerable external pressure from Congress and disability and taxpayer advocates, the IRS and the Treasury Department announced in a press release that the government would make automated EIPs to many federal benefits recipients.

61.     On April 1, 2020, the IRS and the Treasury Department announced that Social Security and Railroad Retirement Beneficiaries (RRB) would get automated payments through data matching with the Social Security Administration and the Railroad Retirement Board.[11]

62.     Policy experts, including those at the Center on Budget and Policy Priorities, estimate that approximately seventeen million Social Security recipients are non-filers who qualified for automated payments.[12]

---

[10] *See* Letter from the Sen. Hassan et al. to the Sec'y of the Treasury and Comm'r of IRS (Apr. 1, 2020), https://www.hassan.senate.gov/imo/media/doc/Hassan%20Brown%20-%20Soc%20Sec%20Direct%20Assistance%20Payments.pdf [https://perma.cc/T3QH-TKLP] (noting that many Social Security beneficiaries include seniors and people with disabilities, are among those federal beneficiary non-filers).

[11] *See* Press Release, U.S. Dep't of Treasury, Social Security Recipients Will Automatically Receive Economic Impact Payments (Apr. 1, 2020), https://home.treasury.gov/news/press-releases/sm967 [https://perma.cc/9PTD-MZHX]; *see also*, Michelle Singletary, *A Timeline of IRS Stimulus Payment Glitches*, Wash. Post (May 4, 2020, 7:00 AM) https://www.washingtonpost.com/business/2020/05/04/timeline-irs-stimulus-payment-glitches/ [https://perma.cc/2ZL3-M7AV].

[12] *See* Tara McGuinness & Gabriel Zucker, *Congress Appropriated $300 Billion in Relief Payments to Individuals and Families- but Poor Delivery May Prevent Tens of Millions of Americans From Ever Accessing Them,* New Am. (Apr. 8, 2020), https://www.newamerica.org/public-interest-technology/reports/relief-payments-poor-delivery-may-prevent-tens-of-millions-of-americans-from-accessing/ [https://perma.cc/ZM8T-5Q7W].

63.     On April 15, 2020, the IRS and the Treasury Department announced that

Supplemental Security Income (SSI) recipients would also receive automatic payments.[13]

Approximately 2.3 million adults receive SSI benefits due to old age, and approximately 4.6

million adults receive SSI benefits due to a disability. The maximum SSI benefit for an

individual is $783 per month. Approximately three million SSI recipients qualified for an

automated payment.[14]

64.     Shortly thereafter, the IRS, Treasury Department, and VA announced that

recipients of federal veterans' benefits would also receive their payment automatically.[15]

---

[13] I.R.S., News Release IR-2020-73, *Supplemental Security Income recipients will receive automatic Economic Impact Payments; step follows work between Treasury, IRS, Social Security Administration* (Apr. 15, 2020), https://www.irs.gov/newsroom/supplemental-security-income-recipients-will-receive-automatic-economic-impact-payments-step-follows-work-between-treasury-irs-social-security-administration [https://perma.cc/CT43-DWG5]; Press Release, U.S. Dep't of Treasury, Supplemental Security Income Recipients Will Receive Automatic COVID-19 Economic Impact Payments (Apr. 15, 2020), https://home.treasury.gov/news/press-releases/sm979 [https://perma.cc/STC6-7TFH]; Press Release, U.S. Dep't of Treasury, Treasury VA Partners with Veterans Affairs to Deliver Economic Impact Payments to Veterans Automatically (Apr. 17, 2020), https://home.treasury.gov/news/press-releases/sm984 5423 [https://perma.cc/Q5TN-QPG7]; *see generally*, Arthur Delaney, *SSI Recipients Will Now Get Coronavirus Payments Automatically*, HUFFINGTON POST (Apr. 15, 2020, 2:34 PM), https://www.huffpost.com/entry/ssi-recipients-coronavirus-payments-automatically_n_5e974a33c5b65eae709e167c [https://perma.cc/89E2-H84B].

[14] Gabriel Zucker, *Sources for Population Estimates*, NEW AM., (Apr. 8, 2020) https://d1y8sb8igg2f8e.cloudfront.net/documents/Tables_-_Relief_Payments_Paper.pdf [https://perma.cc/EM7H-HJQW].

[15] I.R.S. News Release IR-2020-75, *Veterans Affairs recipients will receive automatic Economic Impact Payments; Step follows work between Treasury, IRS, VA* (Apr. 17, 2020), https://www.irs.gov/newsroom/veterans-affairs-recipients-will-receive-automatic-economic-impact-payments-step-follows-work-between-treasury-irs-va [https://perma.cc/TYS4-XX8D]; Press Release, U.S. Dep't of Veterans Affs., VA Partners with Treasury Department to Deliver Economic Impact Payments to Veterans and Survivors (Apr. 17, 2020), https://www.va.gov/opa/pressrel/pressrelease.cfm?id=5423 [https://perma.cc/D822-SJFV].

B.   **The Defendants Adopted Unreasonable and Burdensome Dependent EIP Policies.**

65.     Defendants are aware that "online only" tools and notices are not sufficient to reach many Americans, particularly older, poorer citizens and those with mental and physical disabilities. Research from the Taxpayer Advocate Service ("TAS"), an independent organization within the IRS, discourages the IRS from using any policy "restricting access to only online tools" because its shows that groups including seniors and people with disabilities are unlikely to have internet at home, and many do not use the internet or do not know how to use the internet.[16]

66.     On April 20, 2020 and April 24, 2020, however, the IRS and Treasury Department issued press releases declaring that non-filing federal benefit recipients would have very short periods of time to complete an online only tax form so they could receive $500 EIPs for their dependent children. The form was complicated to use, glitch-ridden, not universally accessible, and only available on-line.

67.     In the evening of April 20, 2020, with no prior warning, the IRS and Treasury Departments issued press releases that announced that Social Security and Railroad Retirement benefits recipients with dependent children who were eligible for automated payments had less than two days – until April 22, 2020 – to complete the IRS non-filer tool, in order to add their dependent children to their automated payments.[17]

---

[16] TAS, A FURTHER EXPLORATION OF TAXPAYERS' VARYING ABILITIES AND ATTITUDES TOWARD IRS OPTIONS FOR FULFILLING COMMON TAXPAYER SERVICE NEEDS 73 (2017), https://taxpayeradvocate.irs.gov/Media/Default/Documents/ResearchStudies/ARC17_Volume2_04_ExplorationTP.pdf [https://perma.cc/U9FX-FWXJ].

[17] I.R.S. News Release IR-2020-76, *SSA, RRB recipients with eligible children need to act by Wednesday to quickly add money to their automatic Economic Impact Payment; IRS Asks for help in the "Plus 500 Push"* (Apr. 20, 2020), https://www.irs.gov/newsroom/ssa-rrb-recipients-with-eligible-children-need-to-act-by-wednesday-to-quickly-add-money-to-their-automatic-

68.    The April 20 press releases stated that once the $1,200 automatic payment was issued, non-filer beneficiaries would not be eligible to use the so-called "Non-Filer tool," and "by law" would have to seek their $500 dependent payments in association with a 2020 tax return.[18]

69.    The Treasury Department press release contained a quote from Defendant Mnuchin: "If the IRS does not receive this essential information by Wednesday [April 22], their payment will be $1,200 and the $500 per child will be paid to them with a return filing for tax year 2020." In other words, non-filer federal benefits recipients who did not use the non-filer portal within the allotted window would have to wait to file a tax return in Spring 2021 to receive $500 for each dependent child. The IRS press release clarified that the deadline to use the IRS non-filer tool was *noon* on April 22, 2020 – giving affected federal benefits recipients a window of approximately forty hours.[19] Press releases were the primary means used to disseminate

---

[18] Press Release, U.S. Dep't of Treasury, Action Needed for Social Security Recipients with Dependents Who Do Not File Tax Returns to Receive $500 Per Child Payment (Apr. 20, 2020), https://home.treasury.gov/news/press-releases/sm985 [https://perma.cc/7PNJ-T6T5] ("By entering this information [in the non-filer tool] they can receive the $500 per dependent child payment automatically in addition to their $1,200 individual payment. Otherwise, their payment at this time will be $1,200. By law, the additional $500 per eligible child amount would be paid in association with a return filing for tax year 2020.") (emphasis added).

[19] I.R.S. News Release IR-2020-76, *SSA, RRB recipients with eligible children need to act by Wednesday to quickly add money to their automatic Economic Impact Payment; IRS Asks for help in the "Plus 500 Push"* (Apr. 20, 2020), https://www.irs.gov/newsroom/ssa-rrb-recipients-with-eligible-children-need-to-act-by-wednesday-to-quickly-add-money-to-their-automatic-economic-impact-payment-irs-asks-for-help-in-the-plus-500-push [https://perma.cc/B3JW-D7LX].

information about EIP dependent benefit payments, and no direct notice was given to affected

benefits recipients. The IRS press releases were accompanied by a companion press release by

the Social Security Administration.[20]

      70.    On April 23, 2020, eight[21] Senators wrote to Defendants Mnuchin and Rettig,

expressing concern about Defendants' position that those non-filers who were unable to meet the

April 22, 2020 deadline would not be able to receive any payments for dependent children until

filing a 2020 tax return in 2021.[22] Despite the Senators' letter, the IRS and the Treasury

Department announced on April 24, 2020 that SSI and VA recipients would be given only until

May 5, 2020 to complete the non-filer tool.[23]

---

[20] *Act Now – Go to IRS.gov – A Message from Social Security Commissioner Andrew Saul*, SSA (Apr. 20, 2020), https://blog.ssa.gov/act-now-go-to-irs-gov-a-message-from-social-security-commissioner-andrew-saul/ [https://perma.cc/HP33-J8XV].

[21] The letter was ultimately signed by forty Senators. Press Release, Sen. Maggie Hassan, Senators Hassan, Brown, Bennet, and Booker Lead Push to Ensure Families Receive Promised COVID-19 Stimulus Payments for Their Children as Quickly as Possible (Apr. 23, 2020), https://www.hassan.senate.gov/news/press-releases/senators-hassan-brown-bennet-and-booker-lead-push-to-ensure-families-receive-promised-covid-19-stimulus-payments-for-their-children-as-quickly-as-possible [https://perma.cc/2LBP-B6Y8].

[22] Letter from Sen. Hassan et al. to the Sec'y of the Treasury and Comm'r of IRS (Apr. 23, 2020), https://www.hassan.senate.gov/imo/media/doc/Hassan-Brown-Bennet-Booker%20Soc%20Sec%20dependent%20payments%20letter%20042320.pdf [https://perma.cc/A4AX-YD2Z]. The Senators noted that they did not believe the IRS needed to delay receipt of automatic benefits, or EIP dependent benefits, and asked Defendants to continue to provide access to the Non-filers tool after the initial receipt of the automatic $1,200 stimulus payment. *Id.* The Senators estimated that if IRS's decided refusal to offer non-filers an opportunity to seek benefits after the initial deadlines, that decision would impact 1 million child dependents. *Id.*

[23] I.R.S. News Release IR-2020-81, *VA, SSI recipients with eligible children need to act by May 5 to quickly add money to their automatic Economic Impact Payment; 'Plus $500 Push' Continues* (Apr. 24, 2020), https://www.irs.gov/newsroom/va-ssi-recipients-with-eligible-children-need-to-act-by-may-5-to-quickly-add-money-to-their-automatic-economic-impact-payment-plus-500-push-continues [https://perma.cc/W8Y3-HAQ8]; I.R.S. News Release IR-2020-86, *VA, SSI recipients with eligible children need to act by Tuesday May 5 to quickly add*

71.     The April 24, 2020 IRS press release maintained that non-filers who missed the May 5 deadline would "*not* be eligible to use the Non-Filers tool to add eligible children . . . and, *by law*, the additional $500 per eligible child amount would be paid in association with a return filing for tax year 2020."[24] Defendant Rettig further explained that federal benefits recipients who were non-filers would receive their $1,200 EIPs automatically, but "these recipients with children . . . need to act quickly and register at IRS.gov to get the extra $500 per child *added* to their payment."[25] The press releases did not disclose the fact that some dependents would age-out of eligibility for the dependent EIP if the filer waited to seek the amount in respect of their dependent on a 2020 tax return. 26 U.S.C. § 6428(a)(2).

72.     Following the April 24 press release, neither the IRS nor any other federal government agency engaged in formal, individualized notice to federal beneficiaries about the deadline.

### C.     The IRS Non-Filer Tool Is Difficult and Confusing to Use.

73.     On April 10, 2020, the IRS launched its online non-filer tool for EIPs.[26] To complete the non-filer tool, a non-filer needs to provide significant, mandatory personal

---

*money to their automatic Economic Impact Payments; 'Plus $500 Push' Continues* (May 1, 2020), https://www.irs.gov/newsroom/va-ssi-recipients-with-eligible-children-need-to-act-by-tuesday-may-5-to-quickly-add-money-to-their-automatic-economic-impact-payment-plus-500-push-continues [https://perma.cc/P2HR-MLLE].

[24] *Id.* (emphasis added).

[25] Kelly Phillips Erb, *IRS Says Payments on Their Way for Some, While Non-Filers Need to Add Children to Stimulus Checks*, FORBES (Apr. 20, 2020, 3:34 PM), https://www.forbes.com/sites/kellyphillipserb/2020/04/20/irs-sets-deadline-for-some-vets-seniors-and-other-non-filers-to-update-dependent-info-for-stimulus-checks/#258a08e9182f [https://perma.cc/HN89-FGZL] (emphasis added).

[26] *See Non-Filers: Enter Payment Info Here*, IRS, https://www.irs.gov/coronavirus/non-filers-enter-payment-info-here [https://perma.cc/QH6V-EFLZ]; *see also* Justin Elliott and Paul Kiel, *Millions of Americans Might Not Get Stimulus Checks. Some Might Be Tricked Into Paying*

information, including: (1) full name; (2) current mailing address; (3) email address; (4) date of birth; and (5) Social Security Number. For each qualifying child, the non-filer needs to input the child's name, Social Security Number or Adoption Taxpayer Identification Number, and the relationship to the non-filer and non-filer's spouse if applicable.[27]

74.     To complete the non-filer tool, a non-filer may be asked to input their 2018 adjusted gross income ("AGI"), their driver's license number, and/or an IP PIN. If the non-filer is asked for 2018 AGI, IP PIN, or driver's license number, they cannot complete the tool without inputting that information.[28] Non-filers who believed that they input their information into the non-filer tool correctly received emailed rejections if they made minor, inadvertent errors in completing the tool.

75.     The non-filer tool uses sophisticated tax law terminology and other phrasing that are inaccessible to people with limited literacy, and/or to people with intellectual, cognitive, and/or learning disabilities.

76.     The non-filer tool is only available online. There is no paper version of the tool. It is not mobile enabled, so it cannot easily be used on a cellular smart phone. And, although the

---

*TurboTax to Get Theirs*, PROPUBLICA (Apr. 15, 2020),
https://www.propublica.org/article/millions-of-americans-might-not-get-stimulus-checks-some-might-be-tricked-into-paying-turbotax-to-get-theirs [https://perma.cc/9A9A-NMLZ].

[27] *Non-Filers: Enter Payment Info Here*, IRS, https://www.irs.gov/coronavirus/non-filers-enter-payment-info-here [https://perma.cc/QH6V-EFLZ].

[28] *See* Letter from Consortium for Citizens with Disabilities ("CCD") to Comm'r Rettig at 2 (June 2, 2020) [hereinafter "CCD Letter"], http://www.c-c-d.org/fichiers/CCD-Letter-re-EIP-Portal-Issues_FINAL_6-2-20.pdf [https://perma.cc/PAG5-9TU4].

non-filer tool is available in English and Spanish,[29] it is not available in other languages. The Spanish language version of the non-filer tool does not always work reliably.

**D.**     **No Assistance Was Available to Federal Beneficiary Non-Filers, Many of Whom have Disabilities, to Complete the IRS Online Form Before the April 22 and May 5 Deadlines.**

77.     Through mid-May 2020, the IRS did not staff its telephone customer service lines to help non-filers who experienced difficulties using the non-filer portal. No telephonic customer assistance was available to federal benefits recipients who were non-filers.[30] In fact, contemporaneous information on the non-filer tool and the IRS web site advised non-filers that they should not call the IRS for help with the tool.[31]

78.     Beginning on May 18, 2020, long after the April 22 and May 5 deadlines expired, the IRS added customer service staff and released a new telephone number where people could call with questions about their stimulus checks.[32]

79.     Even after IRS staffed its telephone customer service lines, assistance to non-filers was limited. As of June 13, 2020, IRS's own website counsels "IRS live phone assistance

---

[29] I.R.S. News Release IR-2020-83, *New Spanish language version unveiled* (Apr. 28, 2020) https://www.irs.gov/newsroom/use-irs-non-filers-enter-payment-info-here-tool-to-get-economic-impact-payment-many-low-income-homeless-qualify [https://perma.cc/W3U8-44W9]

[30] Kelsey Snell, *IRS Budget Cuts, Staffing Challenges Create Coronavirus Payment Headaches,* N.P.R. (Apr. 9, 2020, 5:00 AM), https://www.npr.org/2020/04/09/830159777/irs-budget-cuts-and-staffing-challenges-create-coronavirus-payment-headaches [https://perma.cc/489A-5HSC] (noting IRS web tools counsel people to "not call" with problems related to EIPs).

[31] *Let Us Help You*, IRS, https://www.irs.gov/help/telephone-assistance [https://perma.cc/8696-DCMN].

[32] Zack Friedman, *Call the IRS About Your Stimulus Check—Here's How,* FORBES (May 21, 2020, 8:30 AM), https://www.forbes.com/sites/zackfriedman/2020/05/21/stimulus-check-contact-irs/#52a475c5155a [https://perma.cc/QG6X-VDCX].

is *extremely limited* at this time."[33] As late as June 2, 2020, the IRS stated "[t]axpayers

contacting the EIP phone line should be aware we are open with limited staffing and expect

recorded assistance or long wait time for an assister," and that they were not yet processing their

mail.[34] IRS Taxpayer Assistance Centers were closed, and only began to reopen on Monday,

June 29, 2020.[35]

      80.    Because of the COVID-19 pandemic, free computing sites, like libraries,

recreation centers, and schools, were closed to the public in most of the country in late April and

early May, including in the Philadelphia region, where many Plaintiffs reside.[36]

      81.    Because of the COVID-19 pandemic, free low-income tax filer assistance was not

available throughout much of the United States and was completely unavailable in the

Philadelphia region from March 14 through March 25, 2020.[37]

---

[33] *Let Us Help You*, IRS, https://www.irs.gov/help/telephone-assistance [https://perma.cc/8696-DCMN].

[34] Michelle Singletary, *Didn't get your stimulus payment? Here's how to find it.*, WASH. POST (June 2, 2020, 5:59 PM), https://www.washingtonpost.com/business/2020/06/02/didnt-get-your-stimulus-payment-heres-how-find-it/ [https://perma.cc/H2LG-CMXX].

[35] *IRS Operations During COVID-19: Mission-Critical Functions Continue*, IRS, https://www.irs.gov/newsroom/irs-operations-during-covid-19-mission-critical-functions-continue [https://perma.cc/B8KP-63KC] ("On Monday, June 29, 2020, the IRS began opening its Taxpayer Assistance Centers (TACs) to the public in phases.")

[36] Howard Pinder, *As COVID-19 deepens the digital divide, a call to move beyond simply providing access*, TECHNICAL.LY (Apr. 27, 2020, 10:03 AM), https://technical.ly/philly/2020/04/27/as-covid-19-deepens-the-digital-divide-a-call-to-move-beyond-simply-providing-access/ [https://perma.cc/2M3H-JEJV] (documenting all 54 branches of Philadelphia's public library closed).

[37] *Due to Coronavirus Concerns, AARP Tax Aide, Other Programs Suspended*, AARP (Mar. 16, 2020), https://states.aarp.org/missouri/due-to-coronavirus-concerns-aarp-tax-aide-other-programs-suspended [perma.cc/22CZ-CRY8] (noting Tax-Aide, the largest tax assistance service for seniors, was suspended across the country); *see also AARP Foundation Tax-Aide Now Offering Free Virtual Tax Services Amid COVID-19 Crisis*, AARP (June 15, 2020), https://press.aarp.org/2020-6-15-Tax-Aide-Offering-Virtual-Services-Amid-COVID19-Crisis

**E.**   **Many Federal Beneficiary Non-Filers Did Not Receive the EIPs for their Dependent Beneficiaries to which They Were Entitled due to Defendants' Policies.**

82.    Because of the lack of formal, individualized notice, federal beneficiaries, including some of the Plaintiffs, were not aware of the deadlines to add dependent children to their automated payments.

83.    Other impacted people, including those who became aware of the deadlines, were unable to complete the non-filer tool because it was only available online, too complex, and not language or disability accessible, and/or because assistance was not available from the IRS or free tax assisters.

84.    An estimated 365,000 people who did complete the form by the deadline did not receive the EIP dependent payment with their automatic payments.[38]

85.    It is estimated that 250,000 to 450,000 people, who are federal beneficiary non-filers, received their $1,200 EIPs but missed the deadline to claim their children.[39]

86.    The IRS and the Treasury Department repeatedly announced their position that federal beneficiary non-filers who did not meet the deadlines to use the non-filer tool, would not

---

[https://perma.cc/V2MA-MQE7] (establishing that AARP did not restore Tax Aide service until June, 15, long-after the deadlines for federal beneficiary non-filers). The Taxpayer Advocates Service also had a policy in place to not accept any cases related to solely EIP issues. Bridget Roberts, *Memorandum for Taxpayer Advocate Service Employees*, TAXPAYER ADVOC. SERV. (May 14, 2020), https://www.irs.gov/pub/foia/ig/tas/tas-13-0520-0011-economic_impact_payments_and_tas_case_acceptance.pdf [https://perma.cc/RK6N-E8SR].

[38] 2020 Filing Season and IRS COVID-19 Recovery, *Hearing Before Senate Fin. Comm.,* (June 30, 2020) (statement of Charles Rettig, Comm'r of the IRS).

[39] Karen Bannan and Gabriel Zucker, *Waiting for a Check that Never Came*, NEW AM. (July 8, 2020), https://www.newamerica.org/public-interest-technology/blog/waiting-check-never-came/ [https://perma.cc/7TC9-HG5B].

be allowed to subsequently seek the dependent stimulus payments to which they are entitled except through filing a 2020 tax return in Spring 2021.[40]

87.    After May 5, 2020, the IRS non-filer website was updated to include the following notice for federal benefits recipients with dependents: "[t]he *window has closed* to use this tool for these recipients who have a child and don't normally file a tax return. These recipients who do not receive a payment that includes up to $500 for any qualifying children can file a tax return next year to determine their payment based on 2020 and claim any additional amount they weren't paid this year."[41]

88.    On May 6, 2020, IRS Chief Counsel Michael Desmond stated that IRS does not intended to publish regulations regarding the CARES Act, stating that the statements in its FAQs and press releases reflect all the guidance it intends to provide on most issues.[42]

---

[40] *See, e.g.*, I.R.S. News Release IR-2020-76, *SSA, RRB recipients with eligible children need to act by Wednesday to quickly add money to their automatic Economic Impact Payment; IRS Asks for help in the "Plus 500 Push"* (Apr. 20, 2020), https://www.irs.gov/newsroom/ssa-rrb-recipients-with-eligible-children-need-to-act-by-wednesday-to-quickly-add-money-to-their-automatic-economic-impact-payment-irs-asks-for-help-in-the-plus-500-push [https://perma.cc/B3JW-D7LX]; I.R.S. News Release IR-2020-81, *VA, SSI recipients with eligible children need to act by May 5 to quickly add money to their automatic Economic Impact Payment; 'Plus $500 Push' Continues*, (Apr. 24, 2020), https://www.irs.gov/newsroom/va-ssi-recipients-with-eligible-children-need-to-act-by-may-5-to-quickly-add-money-to-their-automatic-economic-impact-payment-plus-500-push-continues [https://perma.cc/NK3M-4DTU]; *Economic Impact Payment Information Center – Q33: I think the amount of my Economic Impact Payment is incorrect. What can I do?*, IRS, https://www.irs.gov/coronavirus/economic-impact-payment-information-center [https://perma.cc/JXM4-PLTW].

[41] *Non-Filers: Enter Payment Info Here*, IRS, https://www.irs.gov/coronavirus/non-filers-enter-payment-info-here [https://perma.cc/QH6V-EFLZ] (emphasis in original).

[42] Alexis Gravely, *Most IRS Coronavirus Relief FAQs Won't Become Formal Guidance*, TAX NOTES (May 7, 2020), https://www.taxnotes.com/featured-news/most-irs-coronavirus-relief-faqs-wont-become-formal-guidance/2020/05/06/2chk3 [https://perma.cc/85KA-ESQP]; Tax Analysts, *Taxing Issues: Stimulus Measures to Date*, YOUTUBE (May 6, 2020), https://www.youtube.com/watch?v=qpPNm43tBCA [https://perma.cc/4NCK-Q6FA].

89.     Social Security and Railroad Retirements benefits recipients began receiving their $1,200 EIPs on April 29, 2020. SSI and Veterans benefits recipients began receiving their $1,200 EIPs on May 10, 2020.

90.     Many federal benefits recipients did not receive EIPs for dependents, even though some recipients believed that they successfully used the non-filer tool. Those federal benefits recipients, including the Plaintiffs, who did not receive EIP dependent payments, were given no recourse but to wait until 2021 to file 2020 tax returns – tax returns that many benefits recipients would not otherwise likely need to file.[43]

91.     In early June 2020, the IRS website reflected that the IRS was aware many parents did not receive the dependent child EIPs to which they are entitled. The IRS's website includes instructions for those who "did not receive the full amount to which you believe you are entitled"; the site states that the remedy is that "you will be able to claim the additional amount when you file your 2020 tax return." The IRS noted this advice is "particularly important for individuals who may be entitled to additional $500 per qualifying child payments."[44]

92.     On June 4, 2020, the Treasury Department reported to the House Ways and Means Committee that EIPs were issued to "all eligible Americans" "for whom IRS has the

---

[43] Michelle Singletary, *IRS tells parents still waiting for their $500 stimulus child benefit it won't arrive until next year*, WASH. POST (May 1, 2020, 6:59 PM), https://www.washingtonpost.com/business/2020/05/01/irs-tells-parents-still-waiting-their-500-stimulus-child-benefit-it-wont-arrive-until-next-year/ [https://perma.cc/TL6D-EVFG].

[44] IRS, *Economic Impact Payment Information Center – Q33: I think the amount of my Economic Impact Payment is incorrect. What can I do?*, https://www.irs.gov/coronavirus/economic-impact-payment-information-center [https://perma.cc/JXM4-PLTW].

necessary information to make payment," including all non-filers who submitted information through the non-filer portal through May 26, 2020.[45]

93.     Despite widespread reporting that many federal benefits recipients and other parents and caretakers are missing EIPs for dependents,[46] IRS did not create a path to issue the missing payments in 2020, before the December 31, 2020 deadline in the CARES Act.

94.     On June 25, 2020, the Government Accounting Office ("GAO") released a report confirming that the Defendants ***failed to pay 450,000 individuals their $500 EIPs for dependent children who were registered on the non-filers portal from April 10 to May 17, 2020.*** The Report stated:

> According to IRS officials, from April 10 to May 17, 2020, payment calculations [for EIPs] did not include additional money for qualifying children claimed on returns submitted through the online non-filer tool. IRS officials estimate up to 450,000 recipients did not receive a payment that included additional money for their qualifying children.[47]

In other words, the federal beneficiary non-filers who did use the non-filer tool in time, did not have their automatic stimulus payments "plus"ed with dependent payments, as the IRS press releases promised.

---

[45] *Economic Impact Payments Issued to Date*, H. COMM. WAYS & MEANS (June 5, 2020), https://waysandmeans.house.gov/sites/democrats.waysandmeans.house.gov/files/documents/202 0.06.04%20EIPs%20as%20of%20June%204%20FINAL.pdf?eType=EmailBlastCont ent&eId=5ad577c5-0727-44ec-a5fa-f13f593ab5e5 [https://perma.cc/VF8X-GCHY].

[46] *See* Michelle Singletary, *A Timeline of IRS Stimulus Payment Glitches*, WASH. POST (May 4, 2020, 7:00 AM) https://www.washingtonpost.com/business/2020/05/04/timeline-irs-stimulus-payment-glitches/ [https://perma.cc/2ZL3-M7AV] ("Parents received their stimulus payments minus the promised $500 per dependent child"),

[47] U.S. GOV'T ACCOUNTABILITY OFF., GAO-20-625, COVID-19: OPPORTUNITIES TO IMPROVE FEDERAL RESPONSE AND RECOVERY EFFORT (June 25, 2020), gao.gov/reports/GAO-20-625/#TOC Letter_Findings [https://perma.cc/JG95-Z88Y].

95.     The GAO Report further stated that the IRS was working to provide supplemental, corrected payments by the end of July 2020 to non-filer federal benefits recipients who registered their dependents on the non-filer portal but did not receive their dependent EIPs.

96.     On June 29, 2020, the National Taxpayer Advocate, Erin Collins, delivered her Fiscal Year 2021 Objectives to Congress. She noted that there was a systemic problem with individuals "not receiving stimulus payments for qualifying children."[48] She added that, although IRS had been "concerned that once it issued individuals an EIP, it did not have authority or a process to issue additional amounts," it was her "understanding that there are no legal constraints on the IRS's authority to issue additional amounts in 2020; thus, the decision to do so is purely a business one."[49]

97.     On June 30, 2020, Commissioner Rettig testified before the Senate Finance Committee about the 2020 tax filing season and the IRS COVID-19 recovery. During the hearing, Commissioner Rettig acknowledged, consistent with the GAO Report, that many non-filer federal benefits recipients who had used the non-filer portal to register qualifying dependents, did not receive dependent EIPs. Commissioner Rettig estimated that roughly 365,000 people received incomplete EIPs as a result.[50]

98.     Commissioner Rettig committed the IRS to identifying non-filer benefits recipients who successfully used the non-filer portal but did not receive dependent EIPs, and

---

[48] NAT'L TAXPAYER ADVOC., OBJECTIVES REPORT TO CONGRESS FISCAL YEAR 2021 at 52 (2020) https://taxpayeradvocate.irs.gov/Media/Default/Documents/2021-JRC/JRC21_FullReport.pdf [https://perma.cc/JP87-WDZE].

[49] *Id.* at 53.

[50] 2020 Filing Season and IRS COVID-19 Recovery, Hearing Before Senate Fin. Comm., (June 30, 2020) (statement of Charles Rettig, Comm'r of the IRS).

hoped to issue corrective payments in July 2020.[51] When questioned by Senator Hassan about whether non-filing federal benefits recipients who were unable to use the portal by the tightly prescribed timelines would also have access to supplemental payments, Commissioner Rettig would not commit to creating a pathway for them to receive a supplemental payment.[52]

99.     Shortly after the hearing, Senators Cardin, Wyden, Carper, Bennet, Hassan, Casey, Menendez, Warner, Cantwell, Brown, Whitehouse, Stabenow and Cortez Masto responded to the testimony by sending Defendants Mnuchin and Rettig a letter noting that they "appreciate the IRS taking action to provide supplemental dependent payments to these traditional non-filers [who were able to use the non-filers portal, but], this action does not address those who were not able to meet the truncated deadlines to claim dependents."[53]

100.     These Senators noted that there is a "clear solution" to assist the "economically vulnerable families" who were not able to meet the truncated deadlines. They observed that the IRS had already announced it would "keep the Non-Filers portal open until October 15 for those who need to file through the portal and did not receive automatic payments."[54] They added: "We request that the IRS allow traditional non-filers with eligible dependents equal time and

---

[51] *Id.*; Michelle Singletary, *New data reveal how many poor Americans were deprived of $500 stimulus payment for their children,* WASH. POST (June 30, 2020, 5:13 PM), https://www.washingtonpost.com/business/2020/06/30/new-data-reveal-how-many-poor-americans-were-deprived-500-stimulus-payment-their-children/ [https://perma.cc/6V47-DJCQ].

[52] 2020 Filing Season and IRS COVID-19 Recovery, Hearing Before Senate Fin. Comm., (June 30, 2020) (statement of Charles Rettig, Comm'r of the IRS).

[53] Letter from the Democratic Sens. of Sen. Fin. Comm. to the Sec'y of the Treasury and Comm'r of IRS (June 30, 2020), https://www.cardin.senate.gov/imo/media/doc/Cardin-Wyden%20Letter%20to%20Rettig%20on%20EIP%20dependents%20supplemental%20payments.pdf [https://perma.cc/ZMH8-4MPV].

[54] *Id.*

opportunity to access the Non-Filers Portal in order to claim their rightful dependent payments, in line with the supplemental payments being provided to those who made the initial short window for filing through the portal."[55]

101.    Non-filer federal benefits recipients are by definition low income and many have disabilities. Their average incomes range from less than $600 per month for SSI recipients to roughly $1,500 for certain retirement benefits. They have urgent need for the EIPs and dependent EIPs in particular due to the economic fallout from the pandemic, including surging prices for food and household goods, lack of school breakfasts and lunches to supplement family meals, and income disruptions from household members losing work due to the economic crisis.[56]

102.    Forcing federal benefits recipients to wait until Spring 2021 to receive EIPs for eligible dependent children will exacerbate food and housing insecurity and other economic hardship, causing irreparable harm.

103.    Forcing federal benefits recipients to seek dependent EIPs based on their 2020, rather than 2018 or 2019 tax circumstances, renders those dependents who turn seventeen in 2020 ineligible for the benefit that they would have otherwise received.

104.    Despite their public acknowledgment of their mistakes in issuing EIPs and extensive external pressure from Congress and advocates for older adults and individuals with disabilities, Defendants have failed to articulate any justification for their ongoing refusal to allow certain federal benefits recipients, who were unable to meet the initial truncated timelines

---

[55] *Id.*

[56] *See* Press Release, Sen. Sherrod Brown, Senate Democrats Urge Treasury and IRS to Deliver Dependent Stimulus Payments as Soon as Possible (May 11, 2020), https://www.brown.senate.gov/newsroom/press/release/brown-democrats-treasury-irs-deliver-dependent-stimulus-payments [https://perma.cc/PE7U-W97U].

to use the non-filer portal, to receive subsequent, corrective EIPs for their dependent children in 2020, as mandated by the CARES Act.[57]

## CAUSES OF ACTION

### Count I:
### Violations of the Administrative Procedure Act ("APA")

105.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if alleged herein.

106.     The APA requires this Court to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

107.     The APA further requires this court to hold unlawful and set aside any agency action that is "arbitrary, capricious, an abuse of discretion . . . or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." *Id*.§ 706(2)(C).

108.     Agency action that is not the product of reasoned decision-making is arbitrary and capricious. *Motor Vehicle Mfrs. Ass'n of United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). An agency that "entirely fail[s] to consider an important aspect of the problem" before it has acted in an arbitrary and capricious manner. *Id*.

109.     Defendants have unreasonably delayed the receipt of dependent EIPs by federal benefit recipients by refusing to allow recipients who did not meet the applicable non-filer

---

[57] *Id.*; Press Release, Sen. Mitch McConnell, McConnell: "This is Not a Political Opportunity. It is a National Emergency" (Mar. 22, 2020), https://www.mcconnell.senate.gov/public/index.cfm/pressreleases?ContentRecord_id=16D7E2D B-8860-4B80-A9F3-6E6858BF625D [https://perma.cc/34GF-CZD4]; Letter from the Democratic Sens. of Sen. Fin. Comm. to the Sec'y of the Treasury and Comm'r of IRS (June 30, 2020), https://www.cardin.senate.gov/imo/media/doc/Cardin-Wyden%20Letter%20to%20Rettig%20on%20EIP%20dependents%20supplemental%20payment s.pdf [https://perma.cc/ZMH8-4MPV].

deadlines to seek benefits until at the earliest Spring 2021, nearly a year after Congress intended the funds to be distributed.

110.    Defendants arbitrarily and capriciously created an online non-filer tool that is inaccessible for federal benefits recipients, particularly recipients with limited computer/internet access and/or intellectual, cognitive, behavioral, or learning disabilities.

111.    Defendants arbitrarily and capriciously imposed deadlines of forty hours (at worst) to ten days (at best) for federal benefits recipients to complete the non-filer tool and add dependent children to their automated EIPs.

112.    Defendants arbitrarily and capriciously refused to create a process that allows federal benefits recipients who did not meet the deadlines, or whose non-filer applications were rejected, to receive dependent EIPs in 2020.

113.    Defendants' actions constitute "final agency action[s]for which there is no other adequate remedy in court." 5 U.S.C. §704.88.

114.    Defendants' actions are contrary to the mandate of Congress in the CARES Act that established that Defendants have a duty to distribute EIPs as "rapidly as possible" in response to the financial burdens caused by the pandemic. 26 U.S.C. § 6428(f)(3)(A).

115.    Defendants' actions concerning the non-filer portal are arbitrary and capricious because they set up an online-only non-filer portal and then provided non-filer federal beneficiaries with deadlines as short as forty hours, and not more than ten days, to navigate the portal, even though they knew or should have known that many affected federal benefits recipients had disabilities that would render it more difficult for them to complete an online portal within the designated timeframe.

116.     As noted above, the APA requires this Court to hold unlawful and set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," including actions that are not the product of reasoned decision-making. *State Farm*, 463 U.S. at 41, 43. To satisfy that requirement, an agency must cogently explain why it acted in a given manner.

117.     The Defendants' actions are arbitrary and capricious because they have failed to offer any reasoned basis that could justify a policy of setting unreasonably short deadlines for registering dependents of federal beneficiaries that are inconsistent with and significantly less favorable than the deadlines to register dependents given to other citizens who have also not filed federal income tax returns in 2018 or 2019.

118.     The Defendants' actions are further arbitrary and capricious because they did not create a mitigation or remedial strategy for those who missed the deadline and because they have provided no reason for why they cannot issue supplemental payments. This failure has unreasonably delayed receipt of dependent EIP benefits.

<u>**Count II:**</u>
<u>**Violations of the Due Process Clause of the Fifth Amendment to the U.S. Constitution**</u>

119.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if alleged herein.

120.     Defendants failed to provide constitutionally adequate notice of the deadlines for federal benefits recipients to complete the non-filer tool and add dependent children to their automated EIP payments, thus preventing some recipients from receiving payments to which they were entitled.

121.     Defendants' policy of delay in dispersing dependent EIPs violates plaintiffs' right to receive an entitlement within a reasonable time.

122.     Defendants' actions violate the Due Process Clause of the Fifth Amendment.

**Count III:**
**Violation of the Equal Protection Clause of the Fifth Amendment to the U.S. Constitution**

123.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if alleged herein.

124.     Defendants have failed to articulate a rational basis concerning why non-filer households who do not receive federal benefits may complete the non-filer tool through October 15, 2020, but federal benefits recipients may not.

125.     Defendants have failed to articulate a rational basis as to why Social Security and Railroad Retirement recipients were given forty hours to add their dependent children to their automated payments, and why SSI and VA recipients were given only ten days.

126.     Defendants have failed to articulate a rational basis as to why non-filer federal benefits recipients who were able to navigate the non-filer tool by the requisite deadlines will receive supplemental dependent EIPs in July 2020, but non-filer federal benefits recipients who were not able to navigate the non-filer tool may not receive supplemental dependent EIPs until the Spring of 2021.

127.     Defendants' actions violate the Equal Protection Clause of the Fifth Amendment.

**Count IV:**
**Violations of the Rehabilitation Act**

128.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if alleged herein.

129.     Section 504 of the Rehabilitation Act of 1973 provides that:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination

37

under any program or activity receiving Federal financial assistance or activity
conducted by any Executive agency[.]

29 U.S.C. § 794 (as amended).

130.     Mr. McGruder, Ms. Butterfield, Ms. Valentin, Ms. DeMuro, and Ms. Rodriguez,
and many of Face to Face's clients, are "individuals with a disability" as defined in 29 U.S.C. §
705(20) because each has a physical or mental disability that substantially limits one or more of
his or her major life activities.

131.     Defendants the Treasury Department and the IRS are executive agencies.

132.     As a result of being "individual[s] with a disability," as defined in 29 U.S.C. §
705(20), Mr. McGruder, Ms. Butterfield, Ms. Valentin, Ms. DeMuro, and Ms. Rodriguez, and
many of Face to Face's clients, are entitled to modifications and auxiliary aids and services that
provide them equally effective access to IRS print communications.

133.     As a bureau of the Treasury Department, an executive department of the United
States federal government, the IRS must comply with Section 504.

134.     The IRS is bound by regulations the Treasury has promulgated under Section 504
of the Rehabilitation Act, 31 C.F.R. Part 17. These regulations require the IRS to "take
appropriate steps to effectively communicate with . . . members of the public" and "furnish
appropriate auxiliary aids where necessary to afford an individual with handicaps an equal
opportunity to participate in, and enjoy the benefits of," its programs and activities. 31 C.F.R. §
17.160(a).

135.     The regulations also require the IRS to provide Plaintiffs with "auxiliary aids,"
which are "services or devices that enable persons with impaired sensory, manual, or speaking
skills to have an equal opportunity to participate in, and enjoy the benefits of, programs or
activities" that the IRS conducts. 31 C.F.R. § 17.103(c). In addition, the IRS must "give primary

38

consideration to the requests of" individuals with disabilities in determining the type of auxiliary aid it must provide.

136.     As alleged herein, the Treasury, through its bureau the IRS, has and continues to discriminate unlawfully against Plaintiffs and many Face to Face clients by failing to communicate with them in an accessible format. Defendants failed to provide telephonic or other assistance to help recipients with disabilities complete the non-filer tool, effectively foreclosing receipt of EIPs for dependent children on the basis of the recipients' disabilities.

137.     Defendants' non-filer tool is only available online and uses sophisticated language, both of which makes it inaccessible to people with intellectual, cognitive, behavioral health, or learning disabilities.

138.      By failing to implement policies, procedures, and practices to ensure that individuals with disabilities receive effective communication, the IRS has created and continues to create a significant and unnecessary obstacle to Plaintiffs' and many Face to Face clients' understanding of and ability to respond timely to important information concerning their tax obligations.

139.     Providing IRS print communications in formats accessible to Mr. McGruder, Ms. Butterfield, Ms. Valentin, Ms. DeMuro, and Ms. Rodriguez, and many Face to Face's clients would not fundamentally alter the IRS's programs or create an undue administrative or cost burden.

140.     The IRS's conduct constitutes an ongoing and continuous violation of the law. Unless restrained from doing so, the IRS will continue to violate the law. The IRS's conduct has caused and will continue to cause Plaintiffs immediate and irreparable injury. Plaintiffs have no adequate remedy at law for the injuries they suffer and will continue to suffer.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

(1)     Declare that the Defendants' actions pertaining to federal benefits recipients with qualifying dependent children violate the Administrative Procedure Act and the guarantees of due process of law and equal protection under the Fifth Amendment to the United States Constitution, and discriminate against individuals with disabilities under Section 504 of the Rehabilitation Act;

(2)     Enter preliminary and permanent injunctive relief requiring that Defendants cease unreasonably delaying until 2021 dependent EIPs to federal benefits recipients to which they are entitled in 2020;

(3)     Direct Defendants to allow federal benefits recipients with dependent children to apply for the dependent payments to which they are entitled within thirty days in a manner that is accessible to federal benefits recipients, including benefits recipients with limited computer/internet access and/or intellectual, cognitive, behavioral health, or learning disabilities;

(4)     Order Defendants to allow and make economic impact payments of $500 per eligible child to eligible federal benefits recipients who electronically file a processable 2019 tax return or non-filer claim on or before December 1, 2020, and order that Defendants allow and make such payments within 21 days of receiving the claim and not later than December 31, 2020;

(5)     Order Defendants to allow and make economic impact payments of $500 per eligible child to eligible federal benefits recipients who file a processable 2019 tax return or non-filer claim by non-electronic means on or before October 15, 2020, and order that Defendants allow and make such payments within a reasonable time and not later than December 31, 2020;

(6)      Award Plaintiffs their costs and reasonable attorneys' fees; and

(7)      Provide such other and further relief as this Court deems just and proper.


Dated this 22nd day of July, 2020                     Respectfully submitted,

                                                      Ellen T. Noteware, ID No. 82711
                                                      Caitlin G. Coslett, ID No. 30698
                                                      Phyllis M. Parker, ID No. 77336
                                                      Nicholas Urban, ID No. 307129
                                                      BERGER MONTAGUE PC
                                                      1818 Market Street, Suite 3600
                                                      Philadelphia, PA 19103
                                                      Telephone: (215) 875-3000
                                                      enoteware@bm.net
                                                      ccoslett@bm.net
                                                      pparker@bm.net
                                                      nurban@bm.net

                                                      Jennifer Burdick, ID No. 306703
                                                      Kristen Dama, ID No. 207079
                                                      COMMUNITY LEGAL SERVICES, INC.
                                                      1424 Chestnut Street
                                                      Philadelphia, PA 19102
                                                      Telephone: (215) 981-3700
                                                      JBurdick@clsphila.org
                                                      KDama@clsphila.org

                                                      Christine Speidel, ID No. 325502
                                                      Leslie Book, ID No. 88566
                                                      VILLANOVA FEDERAL TAX CLINIC
                                                      299 North Spring Mill Road
                                                      Villanova, PA 19085
                                                      Telephone: (610) 519-4123
                                                      Chrisine.Speidel@law.villanova.edu
                                                      Book@law.villanova.edu