## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| McGruder, et al., | ) |
|     Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 2:20-cv-03590 |
| Mnuchin, et al., | ) ) ) |
|     Defendants. | ) |

### **PLAINTIFFS' EMERGENCY MOTION FOR EXPEDITED DISCOVERY**

Plaintiffs Willard McGruder, Barbara Butterfield, Lily Valentin, Carmen Rodriguez, Deborah DeMuro, and Face to Face (collectively, "Plaintiffs"), have filed a motion for a preliminary injunction directing Defendants, the Internal Revenue Service ("IRS"), the United States Department of the Treasury ("Treasury Department"), Secretary of Treasury Steven Terner Mnuchin, and Commissioner of the IRS Charles Rettig (collectively, "Defendants"), to immediately reverse their arbitrary and capricious decision to withhold Congressionally mandated emergency relief payments from a group of Americans who could use them most – people with dependent children who do not file federal income tax returns due to their minimal taxable income and who receive federal benefits primarily due to severe disabilities.  In anticipation of the hearing on that motion, Plaintiffs request that the Court order limited expedited discovery.  In support of this motion, Plaintiffs aver:

1. In passing the Coronavirus Aid, Relief, and Economic Security ("CARES") Act in response to the global COVID-19 epidemic, Congress directed that Defendants "shall" deliver these economic impact payments ("EIPs") "as rapidly as possible."

2. While the IRS and Treasury Department announced automatic EIPs to non-filer adults who receive certain federal benefits, they refused to send full EIPs to those individuals

with eligible dependents.

3. The IRS instead launched an online portal and, without advance notice or explanation, issued press releases setting out truncated timelines – ranging from 40 hours to ten days – by which certain non-filer federal benefits recipients must add their dependents through the portal in order to receive their EIPs. By contrast, the IRS granted non-filers who do not receive federal benefits until October 15, 2020 – a period of over six months from the portal's launch on April 10, 2020 – to access the same portal.

4. Unsurprisingly, many non-filer federal benefits recipients with dependents, including Plaintiffs, were not able to meet these tight deadlines. They did not learn of the IRS press releases in time; they encountered unresolvable technical issues with the portal; and their disabilities prevented them from using the portal without reasonable accommodations, which were not provided during the applicable windows.

5. Despite these difficulties and the clear directives of the CARES Act to provide payments rapidly, the IRS and the Treasury Department have refused to issue supplemental or corrective payments to non-filer federal benefits recipients who missed the deadlines. Defendants insist that such individuals must instead wait to receive their dependent child payments until spring of 2021, when they file 2020 federal income tax returns.

6. Defendants have articulated no rationale for foreclosing this population from Congressionally mandated, emergency benefits.

7. Plaintiffs believe, and have alleged, that Defendants' press releases and other actions taken as a whole denying Plaintiffs' access to dependent child EIPs until 2021 are final agency actions that must be set aside as arbitrary, capricious, and contrary to law, and thus in violation of the Administrative Procedure Act. Plaintiffs believe, and have alleged, that

Defendants actions are contrary to the directions of the CARES Act and were arbitrary, capricious, and not the product of reasoned decision making.

8. Plaintiffs believe, and have alleged, that Defendants violated Plaintiffs' due process rights by failing to provide them with adequate notice of their obligation to use a non-filer portal to receive dependent child EIPs.

9. Plaintiffs believe, and have alleged, that Defendants have also violated Plaintiffs' rights to equal protection of the laws under the Fifth Amendment by creating arbitrary distinctions based on receipt of particular federal benefits, when these distinctions significantly reduce Plaintiffs' access to the valuable dependent child EIPs to which they are entitled, and serve no rational purpose related to the CARES Act. Plaintiffs believe, and have alleged, that there was no thoughtful, reasonable, or rational basis for making such significant distinctions between non-filers that served the purpose of the CARES Act.

10. Plaintiffs believe, and have alleged, that Defendants additionally have violated the Rehabilitation Act and discriminated unlawfully against Plaintiffs by failing to communicate requirements concerning the non-filer tool in an accessible format and by failing to provide needed assistance to help recipients with disabilities complete the non-filer tool.

11. In advance of filing this Motion, Plaintiffs' counsel reached out to counsel for Defendants, who indicated that Defendants oppose Plaintiffs' Motion for Expedited Discovery. Plaintiffs are cognizant of the requirements of Federal Rule of Civil Procedure 26(d), which generally limits discovery from any source before the parties have conferred as required by Rule 26(f), but request that this Court issue an Order authorizing certain expedited discovery prior to a Rule 26(f) conference.

12. Plaintiffs move for an Order that Defendants provide discovery responsive to

Plaintiffs' First Set of Requests for Production, *see* Ex. A; Plaintiffs' First Set of Requests for Admission, *see* Ex. B; Plaintiffs' First Set of Interrogatories, *see* Ex. C; and a 30(b)(6) Deposition of Charles P. Rettig, or of someone with comparable experience and knowledge of the practices of the IRS from March 1, 2020 to the present.

13. This discovery seeks documents and responses regarding the decision making, processes, and rationales behind Defendants' actions in 1) imposing truncated deadlines by which non-filer federal benefits recipients must add their dependents through the IRS' non-filer tool in order to receive dependent EIPs, 2) providing limited and inadequate notice of these requirements, and 3) refusing to issue supplemental or corrective payments to non-filer federal benefits recipients who missed the deadlines. This discovery is limited in scope and narrowly tailored to issues that will be germane to the preliminary injunction hearing.

Plaintiffs request that the Court order Defendants to produce the requested documents and respond to Plaintiffs' requested admissions and interrogatories by August 14, 2020, and to schedule the above-requested deposition to take place as soon thereafter as practicable, and order the parties to work in good faith to identify responsive documents and a mutually acceptable date for the deposition.

WHEREFORE, Plaintiffs respectfully request that this Court grant this motion.

Dated: July 31, 2020

                                                Respectfully submitted,

                                                 /s/ Ellen T. Noteware_____

                                                Ellen T. Noteware, ID No. 82711
                                                Caitlin G. Coslett, ID No. 306915
                                                Phyllis M. Parker, ID No. 77336
                                                Nicholas Urban, ID No. 307129
                                                Michaela L. Wallin*
                                                BERGER MONTAGUE PC
                                                1818 Market Street, Suite 3600

Philadelphia, PA 19103
Telephone: (215) 875-3000
enoteware@bm.net
ccoslett@bm.net
pparker@bm.net
nurban@bm.net
mwallin@bm.net

Jennifer Burdick, ID No. 306703
Kristen Dama, ID No. 207079
COMMUNITY LEGAL SERVICES, INC.
1424 Chestnut Street
Philadelphia, PA 19102
Telephone: (215) 981-3700
JBurdick@clsphila.org
KDama@clsphila.org

Christine Speidel, ID No. 325502
Leslie Book, ID No. 88566
VILLANOVA FEFERAL TAX CLINIC
299 North Spring Mill Road
Villanova, PA 19085
Telephone: (610) 519-4123
Chrisine.Speidel@law.villanova.edu
Book@law.villanova.edu

*Pro hac vice* to be filed.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 31st day of July, 2020, I electronically filed the foregoing Plaintiffs' Emergency Motion For Expedited Discovery with the Clerk of the Court using the CM/ECF system.

<u>/s/ Ellen Noteware</u>
Ellen Noteware