IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLARD MCGRUDER;<br>BARBARA BUTTERFIELD;<br>LILY VALENTIN;<br>DEBORAH DEMURO;<br>CARMEN RODRIGUEZ; and<br>FACE TO FACE;<br><br>         **Plaintiffs,**<br><br>      **v.**<br><br>STEVEN TERNER MNUCHIN, as<br>Secretary of Treasury;<br>CHARLES P. RETTIG, as<br>Commissioner of the Internal Revenue<br>Service; U.S. DEPARTMENT OF THE<br>TREASURY; INTERNAL REVENUE<br>SERVICE.<br><br>        **Defendants.** | **Civil Action No. 20-cv-04107** |

## PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Plaintiffs Willard McGruder, Barbara Butterfield, Lily Valentin, Carmen Rodriguez,

Deborah DeMuro, and Face to Face (collectively, "Plaintiffs"), by and through their counsel,

hereby move this Honorable Court for a preliminary injunction directing Defendants, the Internal

Revenue Service ("IRS"), the United States Department of the Treasury ("Treasury

Department"), Secretary of Treasury Steven Terner Mnuchin, and Commissioner of the IRS

Charles Rettig (collectively, "Defendants"), to immediately reverse their arbitrary and capricious

decision to withhold Congressionally mandated emergency relief payments from a group of

Americans who could use them most – people with dependent children who do not file federal

income tax returns due to their minimal taxable income and who receive federal benefits

primarily due to severe disabilities. Defendants' continuing exclusion of this vulnerable

population from receipt of critical, emergency stimulus benefits, unduly delaying this relief for nearly a year, has caused and is continuing to cause irreparable harm that can only be remedied by the immediate entry of the requested relief.

In passing the Coronavirus Aid, Relief, and Economic Security ("CARES") Act in response to the global COVID-19 epidemic, Congress directed that Defendants "shall" deliver these economic impact payments ("EIPs") "as rapidly as possible." While the IRS and Treasury Department announced automatic EIPs to non-filer adults who receive certain federal benefits, they refused to send full EIPs to those individuals with eligible dependents. The IRS instead launched an online portal and, without advance notice or explanation, issued press releases setting out truncated timelines – ranging from 40 hours to ten days – by which certain non-filer federal benefits recipients must add their dependents through the portal in order to receive their EIPs. By contrast, the IRS granted non-filers who do not receive federal benefits until October 15, 2020 – a period of over six months from the portal's launch on April 10, 2020 – to access the same portal. Unsurprisingly, many non-filer federal benefits recipients with dependents, including Plaintiffs, were not able to meet these tight deadlines. They did not learn of the IRS press releases in time; they encountered unresolvable technical issues with the portal; and their disabilities prevented them from using the portal without reasonable accommodations, which were not provided during the applicable windows. Despite these difficulties and the clear directives of the CARES Act to provide payments rapidly, the IRS and the Treasury Department have refused to issue supplemental or corrective payments to non-filer federal benefits recipients who missed the deadlines. Defendants insist that such individuals must instead wait to receive their dependent child payments until spring of 2021, when they file 2020 federal income tax

returns. Defendants have articulated no rationale for foreclosing this population from Congressionally mandated, emergency benefits.

Plaintiffs respectfully request that this Court order that: 1) Defendants cease unreasonably delaying until 2021 dependent EIPs to federal benefits recipients to which they are entitled in 2020; 2) that Defendants allow federal benefits recipients with dependent children to apply for the dependent payments to which they are entitled within thirty days in a manner that is accessible to them; 3) that Defendants allow and make EIPs of $500 per eligible child to eligible federal benefits recipients who electronically file a processable 2019 tax return or non-filer claim on or before December 1, 2020, and that Defendants allow or make such payments within 21 days of receiving the claim and not later than December 31, 2020; 4) that Defendants allow and make EIPs of $500 per eligible child to eligible federal benefits recipients who file a processable 2019 tax return or non-filer claim by non-electronic means on or before October 15, 2020, and that Defendants allow and make such payments within a reasonable time and not later than December 31, 2020.

As set forth in the companying memorandum of law in support of Plaintiffs' motion, Plaintiffs satisfy each of the elements for securing a preliminary injunction.  Plaintiffs will show that:

1.      Defendants' press releases and other actions taken as a whole denying Plaintiffs' access to dependent child EIPs until 2021 are final agency actions that must be set aside as arbitrary, capricious, and contrary to law, and thus in violation of the Administrative Procedure Act. Defendants' actions are contrary to the CARES Act's directive that the Treasury Secretary "shall" make these benefits available "as rapidly as possible" and its overall legislative intent. Indeed, Defendants' issuance of these press releases was arbitrary and capricious because it was

not the product of reasoned decision making. Defendants clearly failed to consider the well-known limitations of many non-filer federal beneficiary recipients that would predictably impede their ability to complete an online tax form in a truncated time window. Any stated or suggested rationale for Defendants' actions has been shown to be inaccurate. Defendants' refusal to pay beneficiaries who did not complete the form before the arbitrary deadlines also amounts to a wrongful withholding or unreasonable delay of the dependent child EIPs.  This is a further reason Plaintiffs are likely to succeed on the merits of their claims.

2.     Defendants' systematic delay in processing dependent child stimulus payments violates the due process rights of Plaintiffs who are SSI and SSDI beneficiaries pursuant to the Fifth Amendment. Dependent child EIPs are a form of public assistance and government benefits that are nondiscretionary and statutorily mandated. The passage of the CARES Act created an immediate property interest in the receipt of these benefits and directed Defendants to deliver these benefits "as rapidly as possible." Defendants violated Plaintiffs' due process rights by failing to provide them with adequate notice of their obligation to use a non-filer portal to receive dependent child EIPs. Far from the adequate notice that due process requires, the only notice Defendants provided was a series of press, email, and social media releases, issued over the internet, that provided impossibly short windows within which to respond to the notice and register dependents. What is more, Defendants' delay in promptly distributing vital EIPs to Plaintiffs has violated their due process rights by causing their families irreparable harm, including going without nutritious food, personal necessities like toilet paper, and clothing. Plaintiffs are therefore likely to succeed on the merits of their claims.

3.     Defendants have also violated Plaintiffs' rights to equal protection of the laws under the Fifth Amendment by creating arbitrary distinctions based on receipt of particular

federal benefits, when these distinctions significantly reduce Plaintiffs' access to the valuable dependent child EIPs to which they are entitled, and serve no rational purpose related to the CARES Act. Defendants disparately treated non-filers by distinguishing between them based on (1) whether they receive federal benefits, and (2) what benefits they receive. These classifications determined the amount of time – 40 hours, ten days, or about six months – that non-filers received to access the online portal and register dependents. Defendants proffered no reasonable rationale for making such significant distinctions between non-filers and there is no evidence it was based on a thoughtful, reasonable, or rational basis that served the purpose of the CARES Act. This is a further reason Plaintiffs are likely to succeed on the merits of their claims.

4.      Defendants additionally have violated the Rehabilitation Act and discriminated unlawfully against Plaintiffs by failing to communicate requirements concerning the non-filer tool in an accessible format and by failing to provide needed assistance to help recipients with disabilities complete the non-filer tool.

5.      Defendants' continuing exclusion of Plaintiffs from receipt of critical, emergency stimulus benefits, unduly delaying this relief for nearly a year, has caused and is continuing to cause irreparable harm to Plaintiffs that can only be remedied by the immediate entry of the requested relief. Congress intended stimulus money, including EIPs for dependent children, to offset the immediate and real financial strain families are shouldering due to unexpected mass stay-at home orders, school closures, and the rising costs related to food and services that resulted from the COVID-19 epidemic. No compensation with money damages, or future correction of errors, will address the violations Plaintiffs have raised.  Meanwhile, Defendants cannot show that a preliminary injunction will harm their interests, and the public interest strongly favors the requested relief.

Plaintiffs request that the Court set an expedited hearing at which oral argument will be presented. This motion is supported by the attached Memorandum in Support of Plaintiffs' Motion for a Preliminary Injunction, accompanying declarations, and exhibits, Plaintiffs' Complaint, as well as any additional submissions and oral argument that may be considered by the Court.

Dated:  July 31, 2020

Respectfully submitted,

_/s/ Ellen T. Noteware_____

Ellen T. Noteware, ID No. 82711
Caitlin G. Coslett, ID No. 306915
Phyllis M. Parker, ID No. 77336
Nicholas Urban, ID No. 307129
Michaela L. Wallin*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
enoteware@bm.net
ccoslett@bm.net
pparker@bm.net
nurban@bm.net
mwallin@bm.net

Jennifer Burdick, ID No. 306703
Kristen Dama, ID No. 207079
COMMUNITY LEGAL SERVICES, INC.
1424 Chestnut Street
Philadelphia, PA 19102
Telephone: (215) 981-3700
JBurdick@clsphila.org
KDama@clsphila.org

Christine Speidel, ID No. 325502
Leslie Book, ID No. 88566
VILLANOVA FEFERAL TAX CLINIC
299 North Spring Mill Road
Villanova, PA 19085
Telephone: (610) 519-4123

Chrisine.Speidel@law.villanova.edu
Book@law.villanova.edu

*Pro hac vice* to be filed.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of July, 2020, I electronically filed the foregoing

Plaintiffs' Motion For A Preliminary Injunction with the Clerk of the Court using the CM/ECF

system.

<u>/s/ Ellen Noteware</u>
Ellen Noteware