IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MCGRUDER,<br>BARBARA BUTTERFIELD,<br>LILY VALENTIN,<br>DEBORAH DEMURO,<br>CARMEN RODRIGUEZ, and<br>FACE TO FACE,<br><br>      Plaintiffs,<br><br>v.<br><br>STEVEN TERNER MNUCHIN,<br>CHARLES P. RETTIG,<br>U.S. DEPARTMENT OF THE TREASURY,<br>and INTERNAL REVENUE SERVICE,<br><br>      Defendants. | Case No. 2:20-CV-3590-CFK |

**OPPOSITION TO PLAINTIFFS' "EMERGENCY"
MOTION FOR EXPEDITED DISCOVERY**

On July 22, 2020, plaintiffs William McGruder, Barbara Butterfield, Lily Valentin, Deborah DeMuro, Carmen Rodriguez, and Face to Face ("plaintiffs") filed this lawsuit invoking the Administrative Procedure Act ("APA") to challenge the conduct of government officials and agencies in rapidly advancing their payment of a federal tax credit created by the Coronavirus Aid, Economic Relief, and Security Act, Pub. L. No. 116-136, 134 Stat. 281 (the "CARES Act"). *See* Dkt. 1.  Plaintiffs received automatic and prompt payment of the tax credit, but those payments were not increased to reflect allegedly eligible children because plaintiffs did not file federal tax returns in 2018 or 2019; the Forms 1099 reviewed by the IRS to determine eligibility for Economic Impact Payments did not identify their dependents; and plaintiffs did not submit supplemental information to the IRS through a two-step online process before the IRS issued payments.  Little over one week after their complaint was filed – and after the IRS had

1

committed to accepting and processing the named plaintiffs' information and issuing supplemental payments to them – plaintiffs filed a 48-page motion for a preliminary injunction, *see* Dkt. 13 & 13-1, and the instant "Emergency Motion for Expedited Discovery," *see* Dkt. 11.

In their "emergency" motion to expedite discovery, plaintiffs ask the Court to compel defendants to respond – as soon as August 10, 2020 – to 18 yet-unserved requests for production of documents, seven interrogatories, and 18 requests for admission, and also, apparently, to defend an oral deposition of an unidentified individual. *See* Dkt. 11 & 11-1 through 11-5. The Court should summarily deny plaintiffs' motion, because (1) they fail to establish that good cause exists for commencing and completing extensive fact discovery before the Complaint has even been properly served[1]; (2) their requests are overbroad and not tailored to any identified need; and (3) plaintiffs' requests primarily seek information that is non-discoverable.

This Court has recognized that "[t]here is scant authority on the standards governing the availability of expedited discovery in connection with an impending preliminary injunction hearing." *Philadelphia Newspapers Inc. v. Gannett Satellite Info. Network Inc.*, 1998 WL 404820, at *2 (E.D. Pa. July 15, 1998). Courts in the Third Circuit generally apply a "good cause" standard to requests for expedited discovery, considering the actual circumstances of the case, the pendency of a preliminary injunction hearing, the need for the discovery and the breadth of the requests. *Chamber of Com. for Greater Philadelphia v. City of Philadelphia,* 319 F. Supp. 3d 773, 810 (E.D. Pa. 2018), *aff'd in part, vacated in part, and remanded*, 949 F.3d 116 (3d Cir. 2020). Expedited discovery has been ordered mostly "where it would better enable the

---

[1] According to the Court's docket, plaintiffs have yet to properly serve the defendants with a copy of the summons and complaint pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. *See* Dkt. 10.

2

court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Philadelphia Newspapers, Inc.*, 1998 WL 404820, at *2 (citation and internal quotation marks omitted).  An expedited discovery schedule has been denied where, as here, the movant's requests are "overly broad" in scope, "sizable," and proposed "without reasonable boundaries." *Id.* (citing cases).

Here, plaintiffs do not attempt to establish good cause for their requests, and indeed do not provide a basis for the Court to conclude that *any* expedited discovery – much less the particular discovery they seek – is warranted.  First, plaintiffs fail to explain why expedited discovery is appropriate in this case or how their motion represents an "emergency" that demands consideration before all other matters on the Court's civil and criminal docket.  They do not show that the requested information is necessary for the Court's determination of their pending preliminary injunction motion.  Plaintiffs cite only unpublished orders where this Court and others have exercised their discretion to permit expedited discovery into matters directly relevant to an upcoming preliminary injunction hearing.  *See* Dkt. 11-1 at 2.

Defendants anticipate opposing plaintiffs' preliminary injunction request because: (1) the CARES Act provides no cognizable right to the advance payment of the tax credit; (2) plaintiffs already received payment and have no justiciable right to a supplemental advance tax refund prior to the end of the 2020 tax year[2]; (3) the IRS's prior refusal to re-process the information of individuals who already received a payment and did not timely submit dependent information does not constitute a "final agency action"; (4) the United States has not waived sovereign

---

[2] Individuals who believe they received an incorrect refund amount should follow the procedures established by the IRS.  *See https://www.irs.gov/coronavirus/economic-impact-payment-information-center* at Q31 ("I think the amount of my Economic Impact Payment is incorrect. What can I do?")

3

immunity for an APA challenge where, as here, an individual has an alternative remedy for relief; (5) plaintiffs fail to state a claim for relief under the Rehabilitation Act because the IRS's failure to supplement payment to a plaintiff does not constitute a denial of benefits "solely by reason of her or his disability," *see* 29 U.S.C. § 794(a); (6) any harm to plaintiffs is not irreparable, since it can be remedied through money damages; and (7) a district court is without authority to direct the priority and manner in which the IRS disburses federal tax credits and refunds, including payments deemed advance refunds. None of plaintiffs' claims, and none of these anticipated defenses, require immediate discovery into "the decision making, processes, and rationales behind Defendants' actions[.]" Dkt. 11-1 at 3.

"[E]xpedited discovery is not automatically granted merely because a party seeks a preliminary injunction[,]" *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009), but plaintiffs provide no other basis for their motion. Plaintiffs entirely fail to explain why any discovery, much less the extensive discovery they seek, must be expedited in this case. It is unclear why, for example, all documents must be produced within a week, or interrogatories seeking data related to the non-filer portal must be answered with immediacy. And, unlike a typical preliminary injunction motion, plaintiffs "are not seeking expedited discovery to gain evidence to get the court to preserve the status quo." *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Trans. Auth.,* 234 F.R.D. 4, 7 (D.D.C. 2006). Instead,

> They want to gather all the evidence they would need to radically transform the status quo, on an expedited basis. But, that is not the purpose of a preliminary injunction, nor of the limited discovery that the courts traditionally permit a plaintiff to have to secure it.

*Id.*

Second, although plaintiffs contend that their 43 requests, and anticipated deposition, are "narrowly tailored," the discovery sought is plainly and irredeemably overbroad, not permitted

4

under the APA,³ and delves squarely into the confidential deliberations of the IRS and Department of the Treasury. Their request for expedited discovery "extends beyond the needs of the preliminary injunction," and therefore should be denied. *Chamber of Com.*, 319 F. Supp. at 811. The scope of proposed discovery is unreasonable because "plaintiffs seek relatively broad discovery on issues going to the merits of their case – their discovery requests are not narrowly tailored to reveal information related to the preliminary injunction as opposed to the case as a whole." *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98 (D.D.C. 2014).

Indeed, the scope of expedited discovery exceeds what is permitted in the normal course for such an APA challenge. It is well-settled that "[d]iscovery in cases brought under the APA is … rare and often restricted in scope or duration[.]" *Pohl,* 2010 WL 4537048, at *3 (citing cases); *Minto v. U.S. Off. of Pers. Mgmt.*, 765 Fed. App'x 779, 783 (3d Cir. 2019). The Third Circuit repeatedly has explained that the APA does not permit discovery into the "thought and decision making processes" that led to the challenged final agency action. *NVE Inc. v. Dep't of Health and Human Servs.*, 436 F.3d 182, 195 (3d Cir. 2006). APA review looks to the administrative record alone to determine whether, based on the information presented to the agency, a decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *See* 5 U.S.C. § 706; *see also C.K. v. N.J. Dep't of Health and Human Servs.*, 92 F.3d 171, 182 (3d Cir. 1996).

Even if discovery was permitted in this case, plaintiffs' requests are remarkably

---

³ Plaintiffs also purport to assert Fifth Amendment Due Process and Equal Protection claims. However, plaintiffs' discovery requests do not seek information related to the adequacy of notice of the deadlines for non-filers to identify dependent children. *See* Dkt. No. 36 at ¶ 120. Further, whether a non-suspect classification has a rational basis is a question of law that is not subject to discovery*, see, e.g., Assoc. Builders and Contractors, E. Pa. Chapter, Inc. v. County of Northampton*, 376 F. Supp. 3d 476, 501-02 (E.D. Pa. 2019) (citing cases).

Case 2:20-cv-03590-CFK   Document 16   Filed 08/04/20   Page 6 of 8

overbroad.  For example, without limiting their request temporally or to the CARES Act issues raised in their complaint, plaintiffs seek,

> All documents, records, and communications regarding any consideration, assessment, or discussion by Defendants of whether federal benefits recipients, low-income people, people with disabilities, or seniors would have difficulties, limitations, or issues accessing and using the internet.  This request includes documents, records, communications, research, assessments, and findings from the Taxpayer Advocate Service ("TAS"), an organization within the IRS.

Dkt. 11-3 at 9.  Their expedited document requests, which they describe as immediately seeking "the decision making, processes, and rationales behind Defendants actions," repeatedly demand "all documents, records, and communications concerning Defendants' consideration of and decision" *see* Dkt. 11-3 at Requests 1, 2, 3, 4, 5, 6, 7, 10, 11, & 12, and "all documents, records, and communications regarding any consideration, assessment, or discussion" by defendants, *id.* at Requests 8 & 9, in broad subject areas entirely unrelated to plaintiffs' entitlement to injunctive relief or even the underlying merits of their lawsuit.

Moreover, plaintiffs' queries run afoul of the defendants' deliberative process privilege, which prevents discovery into "confidential deliberations of law or policymaking, reflecting opinions, recommendations or advice."  *Redland Soccer Club, Inc. v. Dep't of Army of U.S.,* 55 F.3d 827, 853 (3d Cir. 1995) (quoting *In re Grand Jury*, 821 F.2d 946, 959 (3d Cir. 1987)).  Plaintiffs demand discovery into the "decision making, processes, and rationales behind [the challenged] actions." Dkt. 11-1 at 3.  But deliberative process privilege protects such confidential deliberations of law and policy, opinions, recommendations, and advice, and such information is especially irrelevant given the limited scope of review permitted under the APA.

Accordingly, the Court should summarily deny the plaintiffs' "emergency" motion to conduct expedited discovery.  Production of the administrative record – the only discovery permitted in a valid APA challenge – should proceed only after the Court considers the United

6

States' answer or other response to this lawsuit.

                              Respectfully submitted,

                              RICHARD E. ZUCKERMAN
                              Principal Deputy Assistant Attorney General

                              */s/ Jordan A. Konig*
                              JORDAN A. KONIG
                              CHRISTOPHER J. WILLIAMSON
                              Trial Attorneys, Tax Division
                              U.S. Department of Justice
                              P.O. Box 55, Ben Franklin Station
                              Washington, D.C. 20044
                              Tel.: (202) 305-7917 / Fax: (202) 514-5238
                              Jordan.A.Konig@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered parties.

*/s/ Jordan A. Konig*
JORDAN A. KONIG
Trial Attorney, Tax Division
United States Department of Justice
